```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/15/17
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CATARINA CIOTA,                                    :
                                                   :
                          Plaintiff,               :    17 Civ. 1462 (RMB)
                                                   :
            - against -                            :    **ORDER**
                                                   :
NEW YORK EMBROIDERY STUDIO INC., and               :
MICHELLE FEINBERG,                                 :
                                                   :
                          Defendants.              :
------------------------------------------------------------x

     Having reviewed **(i)** the terms of the parties' settlement agreement (dated July 20, 2017), attached hereto as Exhibit A**; (ii)** Plaintiff's counsel's representation (in a letter dated August 9, 2017, attached hereto as Exhibit B) that his fees and expenses will be 25% of the net payment to Plaintiff; and **(iii)** the record herein, the Court finds that the parties' settlement agreement is fair and reasonable. Defense Counsel's application to keep the terms of the settlement agreement confidential is denied. See, e.g., Ortiz v. Breadroll, LLC, 2017 WL 2079787, at *1-2 (S.D.N.Y. May 15, 2017).

     This action is hereby dismissed with prejudice, and the Clerk is respectfully directed to close this case.

Dated: New York, New York
       August 15, 2017

                                                  */s/ Richard M. Berman*
                                          **RICHARD M. BERMAN**
                                                  U.S.D.J.

# Exhibit A

## SETTLEMENT AGREEMENT AND GENERAL RELEASES

**THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE** ("Agreement"), dated as of July 18, 2017, is made and entered into by and among New York Embroidery Studio Inc. (the "Company") and Michelle Feinberg ("Feinberg," jointly and severally with the Company, the "Defendants"), on one hand, and Catarina Ciota ("Ciota," together with the Defendants, the "Parties, and, each, a "Party"), on the other hand.

**WHEREAS**, Ciota was employed as a Project Manager by the Company from on or about May 11, 2016 until November 17, 2016;

**WHEREAS**, on or about February 27, 2017, Ciota commenced a lawsuit, which is now pending in the United States District Court for the Southern District of New York (the "Court") captioned *Catarina Ciota v. New York Embroidery Studio Inc. and Michelle Feinberg*, Civil Action No. 1:17-cv-01462-RMB (the "Action");

**WHEREAS**, in the Action, Ciota has alleged that (i) in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), the Company misclassified Ciota as exempt from federal and state overtime laws for a portion of her employment and, as a result, failed to pay her overtime compensation due for hours that she claims she worked in excess of forty per week; and (ii) in violation of the NYLL and the New York Wage Theft Prevention Act, the Company failed to provide certain wage notices and statements (collectively, "Ciota's Claims");

**WHEREAS**, the Defendants deny all allegations of unlawful conduct made in the Action and any liability whatsoever to Ciota;

**WHEREAS**, the Defendants have alleged that, during Ciota's employment with the Company, Ciota (i) diverted business that should have gone to the Company to herself and/or third-parties, (ii) operated a competing business and (iii) misappropriated the Company's confidential and proprietary information, and, based thereon, has threatened to bring counterclaims in the Action against Ciota for, among other things, breach of duty of loyalty, tortious interference with the Company's existing and prospective contractual and business relations, unfair competition and misappropriation of confidential information (collectively, the "Company's Counterclaims");

**WHEREAS**, Ciota denies all allegations of unlawful conduct made by the Defendants and any liability whatsoever to the Defendants;

**WHEREAS**, for the reasons set forth in Section 2 below, the Parties have agreed to settle and resolve all disputes and issues between them, with no admission of liability or unlawful conduct by any Party;

**NOW, THEREFORE**, in consideration of the Parties' respective promises and the general release herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound hereby, it is hereby agreed, by and between the Parties hereto, as follows:

1. <u>Incorporation of Whereas Clauses</u>. Each of the above "Whereas" clauses is incorporated herein and made a part of this Agreement.

2. <u>Fair and Reasonable Settlement</u>. The Parties acknowledge and agree to the following:

    2.1 The parties, through their counsel, are familiar with the facts and legal issues raised by Ciota's Claims and the Company's Counterclaims. There are bona fide disputes between Ciota and the Defendants as to (i) whether Ciota is exempt from the overtime requirements of the FLSA and the NYLL; (ii) whether Ciota worked more than 40 hours per workweek and, therefore, (iii) whether Ciota is owed any overtime pay by the Company. Similarly, there are bona fide disputes between Ciota and the Defendants as to whether Ciota is liable to the Company under the Company's Counterclaims and whether any such liability is less than, equal to or greater than any amounts to which Ciota would be entitled in the Action.

    2.2 The terms and conditions of the settlement reflected in this Agreement (the "<u>Settlement</u>") are the product of arms' length negotiations between the Parties' counsel and, in light of the above-stated bona fide disputes, are fair and reasonable.

    2.3 The Parties have entered into this Agreement in order to avoid the costs and inconveniences of further litigation and because, in light of the above-stated bona fide disputed issues, the Settlement reflects a reasonable compromise of both Ciota's Claims and the Company's Counterclaims. The Parties believe the certainty of settlement is better than the uncertain outcome of protracted litigation.

    2.4 The material terms of the Settlement were reached at a settlement conference before the Hon. Richard M. Berman, at which time the Judge Berman heard from the Parties and determined that such material terms were and are fair and reasonable under applicable law.

3. <u>Settlement Payment</u>. In consideration for Ciota's execution (without any revocation), delivery and performance of this Agreement, and in exchange for the promises, covenants, releases and waivers set forth herein, the Company shall make a single, lump sum payment in the amount of $3,000 by check payable to "Catarina Ciota" (the "<u>Settlement Payment</u>"). The check for the Settlement Payment shall be mailed to Ciota (at 2297 Lansdowne Place, Merrick, NY 11566) within fifteen (15) days after the Effective Date, as defined in Section 14.10 below, and shall be reported as wage income to Ciota on a Form W-2 issued to Ciota.

4. <u>No Other Payments</u>. Ciota represents, warrants and acknowledges that, as of the date of her execution of this Agreement, the Company owes her no salary, commissions, draws, bonuses, sick pay, overtime pay, personal leave pay, severance pay, vacation pay, pension, retirement benefits, reimbursement for business expenses, other compensation or benefits or payments or form of remuneration of any kind or nature, attorneys' fees, interest, liquidated or punitive damages or any other penalties, except as may be expressly provided by this Agreement.

5. Mutual General Releases.

      5.1    General Release by Ciota. For good and valuable consideration, including without limitation the Settlement Payment and the general release provided by the Defendants in Section 5.2 below (which includes a release of the Company's Counterclaims), Ciota, for and on behalf of herself and her former and current heirs, executors, administrators, agents, representatives, attorneys, family members, decedents, dependents, affiliates, successors and assigns (jointly and severally, the "Ciota Release Parties"), hereby voluntarily, knowingly and willingly releases, acquits and forever discharges the Company and its former and current parents, subsidiaries, divisions, affiliates, predecessors, successors and assigns, and each of their former and current agents, employees, officers, directors, shareholders, members, trustees, heirs, joint venturers, attorneys, representatives, owners and servants, (jointly and severally, the "Company Release Parties") and Feinberg and her former and current heirs, executors, administrators, agents, representatives, attorneys, family members, decedents, dependents, affiliates, successors and assigns (jointly and severally, the "Feinberg Release Parties" and, jointly and severally with the Company Release Parties, the "Defendant Release Parties"), from any and all claims, costs or expenses of any kind or nature whatsoever (collectively, "Claims"), whether known or unknown, foreseen or unforeseen, that Ciota ever had, now has or may have based upon any matter, fact, cause or thing, occurring from the beginning of time up to and including the date Ciota executes this Agreement, including, without limitation, Ciota's Claims, all Claims regarding Ciota's employment with the Company, any events that may have occurred during the course of such employment or the termination of such employment, or any other matters or Claims of any kind or nature. This includes, without limitation, a release of any Claims for unpaid wages, holiday pay, overtime, premium pay, pay for meal or rest periods, bonuses or other compensation, liquidated damages, punitive damages, attorneys' fees, interest, breach of contract, wrongful discharge, disability benefits, life, health and medical insurance, sick leave, or any other fringe benefit, employment discrimination, unlawful harassment, retaliation, emotional distress, violations of public policy, defamation, fraudulent misrepresentation or inducements and severance pay. Ciota is also specifically releasing any rights or Claims Ciota may have, if any, under common law or the Worker Adjustment Retraining and Notification Act, the Age Discrimination in Employment Act ("ADEA") (which prohibits discrimination in employment based on age), Older Workers Benefit Protection Act of 1990 ("OWBPA") (which also prohibits discrimination in employment based on age), Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Civil Rights Act of 1866, the Rehabilitation Act, the Family and Medical Leave Act, the Labor Management Relations Act, the Equal Pay Act, the Americans with Disabilities Act, the Employment Retirement Income Security Act, the FLSA, the Sarbanes-Oxley Act of 2002, the Genetic Information and Non-Discrimination Act, the NYLL, the New York Human Rights Law, the New York City Human Rights Law, the New York City Earned Sick Time Act, all the above statutes as amended from time to time, and any other federal, state or local laws, rules, ordinances or regulations, whether equal employment laws, rules or regulations or otherwise or any right under any Company pension, welfare, or stock plans. This release covers both Claims that Ciota knows about, and those that Ciota may not know about. By signing this Agreement, Ciota is forever giving up Ciota's rights to make the aforementioned Claims or demands. Notwithstanding the foregoing, nothing contained herein shall be construed to alter, limit, or release (i) any claim or right under state unemployment and workers' compensation statutes; (ii) any other claim or right that may

not be released by private agreement; and (iii) any claim arising from obligations of the Defendants to Ciota that are expressly set forth in this Agreement.

    5.2  General Release by the Defendants. For good and valuable consideration, including without limitation the general release provided by Ciota in Section 5.1 above, the Company, for and on behalf of the Company Release Parties, and Feinberg, for and on behalf of the Feinberg Release Parties, hereby voluntarily, knowingly and willingly releases, acquits and forever discharges the Ciota Release Parties from any and all Claims, whether known or unknown, foreseen or unforeseen, that the Company and/or Feinberg ever had, now have or may have based upon any matter, fact, cause or thing, occurring from the beginning of time up to and including the date the Company and Feinberg execute this Agreement, including, without limitation, the Company's Counterclaims, all Claims regarding Ciota's employment with the Company, any events that may have occurred during the course of such employment or the termination of such employment, or any other matters or Claims of any kind or nature. This release covers both Claims that Defendants know about, and those that Defendants may not know about. By signing this Agreement, the Defendants are forever giving up their respective rights to make the aforementioned Claims or demands. Notwithstanding the foregoing, nothing contained herein shall be construed to alter, limit, or release (i) any other claim or right that may not be released by private agreement; and (ii) any claim arising from obligations of Ciota to the Company and/or Feinberg that are expressly set forth in this Agreement.

    6.  Dismissal of the Action with Prejudice. Contemporaneously with Ciota's delivery of this Agreement executed by her to the Company's counsel, Loeb & Loeb LLP ("Loeb"), her counsel, Cardi & Edgar LLP ("C&E"), will also deliver to Loeb, a Stipulated Order Approving Settlement and for Dismissal with Prejudice in the form of Exhibit A hereto (the "Stipulated Order") executed by C&E. Loeb shall hold the Stipulated Order in escrow until on the eighth (8th) day after Ciota's execution and delivery of this Agreement pursuant to the terms of Section 14.10 below. Thereupon, provided Ciota has not previously revoked this Agreement pursuant to Section 14.10 below, Loeb is authorized to release the Stipulated Order from escrow, execute the Stipulated Order and file it with the Court.

    7.  No Other Pending Lawsuits; No Assignment of Claims. Ciota represents and warrants that, other than the Action, she has not filed any Claim, lawsuit or charge against any of the Defendant Release Parties. Ciota hereby promises never to file a Claim, lawsuit or charge asserting any Claims that Ciota has released in Section 5.1 above, except that nothing in this Agreement, including the provisions of this Section and Section 5.1 above, shall prevent Ciota from filing a charge or complaint with or from participating in an investigation or proceeding conducted by the Equal Employment Opportunity Commission (EEOC), National Labor Relations Board (NLRB), or any other federal, state or local agency charged with the enforcement of any laws. However, to the extent any such charge or complaint or any other Claim is made against any of the Defendant Release Parties (including by the EEOC or NLRB), Ciota expressly waives any Claim to any form of monetary or other damages, or any other form of individual recovery or relief in connection with any such charge, complaint or Claim. Ciota further represents and warrants that Ciota has not heretofore assigned or transferred, or purported to assign or transfer, to any person, firm, corporation or entity any Claim or other matter herein released. Notwithstanding the foregoing, nothing herein shall prohibit Ciota from challenging the validity of the ADEA or OWBPA waiver herein; however, in the event Ciota unsuccessfully

does so, Ciota may be held liable for the Company's attorney's fees and costs to the same extent that successful defendants are allowed attorney's fees under the ADEA and/or OWBPA.

8. <u>No Re-Engagement</u>. Ciota will not seek or otherwise pursue employment with the Company or any subsidiaries or affiliates thereof. If, through mistake or inadvertence or otherwise, Ciota applies for any such employment, then she shall withdraw her application immediately upon notice without any recourse, legal or otherwise, and, to the extent that Ciota has already been so employed, she will resign from such employment immediately upon notice without any recourse, legal or otherwise.

9. <u>Mutual No Admissions</u>. Neither this Agreement, nor anything contained in it, shall be construed as evidence of or an admission of any wrongdoing or violation of any law, regulation, rule, or agreement by any Party to this Agreement.

10. <u>Return of Company Property</u>. Ciota acknowledges and agrees that all information (in paper or electronic form), materials and equipment of any kind that Ciota created or acquired during the course of Ciota's engagement with the Company (collectively, "<u>Company Property</u>") are and remain the property of the Company. Such Company Property includes, without limitation, books, handbooks, manuals, files, papers, memoranda, letters, facsimiles, photographs/images, audio recordings/files, electronically stored information, software, computers, and smartphones. Ciota agrees that she has an obligation to return all Company Property to the Company and covenants and represents that, as of Ciota's execution of this Agreement, (i) Ciota has returned to the Company all Company Property (including that in electronic form); (ii) Ciota has not made or taken copies of such Company Property; and (iii) Ciota has completely removed all electronically stored Company Property from all storage media in Ciota's possession, custody or control, including, without limitation, from Ciota's home computer system(s), any cloud-based storage media and any external disk or flash drives.

11. <u>Non-Disparagement</u>. Ciota agrees that Ciota will not make, or cause to be made, any disparaging, negative or adverse statements whatsoever, whether in public or private, and whether written, oral or otherwise, concerning any of the Defendant Release Parties or their respective businesses, products or services. Similarly, Feinberg (in her personal and representative capacities) will not make, or cause to be made, any disparaging, negative or adverse statements whatsoever, whether in public or private, and whether written, oral or otherwise, concerning Ciota. Notwithstanding the foregoing, this terms of this Section do not apply to true factual statements (i) made by Ciota concerning Ciota's Claims, the Company's Counterclaims or her experience in litigating the Action; (ii) made by either of the Defendants concerning Ciota's Claims, the Company's Counterclaims or their experience in litigating the Action; and/or (iii) made by any Party made in connection with legal proceedings, governmental or regulatory investigations or actions, internal Company investigations or any other statement or disclosure required by law. The Parties also agree that, in the event that there is litigation to enforce the terms of this paragraph, the prevailing party or parties will be awarded its or their attorney's fees and costs related thereto, in addition to any other damages that may be awarded.

12. <u>No Assistance to Third-Parties</u>. Other than as may be required by a subpoena or court order, Ciota shall not: (a) assist or cooperate with, or give any information to, any third party or entity (other than a governmental or law enforcement organization) in connection with

any actual or threatened complaint, claim, demand, cause of action, charge, lawsuit or arbitration of any kind whatsoever against any of the Defendant Release Parties, and/or (b) encourage or assist any other parties or attorneys to commence a Claim or proceeding against any of the Defendant Release Parties. Notwithstanding the foregoing, nothing in this Agreement shall prohibit or restrict Ciota from (i) providing information about Ciota's Claims or her experience in litigating the Action or (ii) providing information to or otherwise cooperating with a governmental or law enforcement organization.

13. Admissibility. This Agreement is being made for settlement purposes only and, pursuant to Federal Rule of Evidence 408, this Agreement shall not be admissible in evidence in any proceeding, except that it may be filed in any litigation as necessary to approve, interpret or enforce this Agreement or the settlement and waiver of liability described herein, or in any subsequent action against or by any of the Defendants or Ciota to support a stay or dismissal of such subsequent action, or to establish a defense of res judicata, collateral estoppel, waiver, release, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. Miscellaneous.

14.1 Required Taxes and Withholdings. The Company shall withhold from any payments made to Ciota (including, without limitation, those made under this Agreement) all federal, state, local or other taxes and withholdings as shall be required pursuant to any law or governmental regulation or ruling.

14.2 Further Assurances and Actions. Each Party shall, upon the request of another Party, promptly execute, acknowledge (as appropriate) and deliver to such other Party such further assurances and take such further actions as may be reasonably required to carry out the intent and purpose of this Agreement.

14.3 Entire Agreement. This Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements or understanding between them pertaining to the subject matter of this Agreement. This Agreement may not be altered, modified, amended or changed, in whole or in part, except in writing executed by Ciota and Company. The Company and Ciota acknowledge and agree that they are not relying on, and they may not rely on, any oral or written representation of any kind that is not set forth in writing in this Agreement.

14.4 Severability. If any provision of this Agreement is held to be invalid, the remaining provisions shall remain in full force and effect. However, the invalidity of any such provision shall have no effect upon, and shall not impair the enforceability of the release language set forth in Section 5 above, provided that, upon a finding by a court of competent jurisdiction that the release language found in Section 5 above is unenforceable, the Company shall rewrite Section 5 to cure the defect and the Parties shall re-execute the release upon request of any of the other Parties, and no Party shall be entitled to any additional monies, benefits and/or compensation therefor.

14.5  Interpretation. The headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement. The language in all parts of this Agreement shall in all cases be construed according to its fair meaning, and not strictly for or against any Party. No provision in this Agreement will be interpreted in favor of, or against, any of the Parties by reason of the extent to which any such Party or its counsel participated in the drafting thereof or by reason of the extent to which any such provision is inconsistent with any prior draft hereof or thereof. In this Agreement, unless the context otherwise requires, the masculine, feminine and neuter genders and the singular and the plural include one another.

14.6  Waiver. No term or condition of this Agreement shall be deemed to have been waived, nor shall there be any estoppel against the enforcement of any provision of this Agreement except by written instrument signed by the Party charged with such waiver or estoppel. No such written waiver shall be deemed a continuing waiver unless specifically stated therein, and each such waiver shall operate only as to the specific term or condition waived and shall not constitute a waiver of such term or condition for the future or as to any act other than that specifically waived.

14.7  Choice of Law and Forum. This Agreement shall be interpreted and enforced in accordance with the laws of the State of New York, without regard to its conflict-of-law principles. Any dispute concerning or arising out of this Agreement shall be litigated exclusively in an appropriate state or federal court in New York, New York and the Parties each hereby irrevocably consents and waives any objection to the jurisdiction of any such court.

14.8  Waiver of Trial By Jury. Each Party each hereby waives any right to trial by jury on any claim, counterclaim, setoff, demand action or cause of action whatsoever between them, including, without limitation, those arising out of or in any way pertaining or relating to (i) this Agreement, (ii) any dealings between Ciota and the Company with respect to this Agreement, and (iii) Ciota's employment with the Company or termination thereof, whether now existing or hereafter arising, and whether sounding in contract, tort or otherwise.

14.9  Counterparts. This Agreement may be executed in counterparts, and each counterpart, when executed, shall have the efficacy of a signed original. Photographic copies, electronically scanned copies and other facsimiles of this Agreement (including such signed counterparts) may be used in lieu of the originals for any purpose.

14.10  Period for Review and Right to Revoke; Effective Date. The Parties acknowledge and agree that, (i) Ciota will have twenty-one (21) days from the receipt of this Agreement in which to consider its terms (including, without limitation, Ciota's release and waiver of any and all claims under the ADEA) before executing it; (ii) changes to the terms of this Agreement, whether material or immaterial, will not restart this twenty-one (21) day period; and (iii) Ciota will have seven (7) days after Ciota's execution of this Agreement in which to revoke Ciota's acceptance of this Agreement, in which event a written notice of such revocation must be received by Mark J. Goldberg, Esq. of Loeb, on or before 5:00 p.m. on the seventh (7th) day. This Agreement will become effective and enforceable upon the date on which the Court signs and enters the Stipulated Order or otherwise approves the terms of this Agreement (the "Effective Date").

14.11 <u>Voluntary and Knowing Execution of Agreement</u>. Ciota acknowledges that (i) Ciota has been advised by the Company to consult an attorney, and she has in fact consulted her attorneys (C&E), regarding any potential claims as well as the terms and conditions of this Agreement before executing it; (ii) Ciota fully understands the terms of this Agreement including, without limitation, the significance and consequences of the General Release in Section 5.1 above, including that it includes a release of FLSA, NYLL and age discrimination claims; (iii) Ciota is executing this Agreement in exchange for consideration to which Ciota would not otherwise be entitled, and (iv) Ciota is executing this Agreement voluntarily, knowingly and willingly and without duress.

[The remainder of this page is intentionally blank; signature page follows.]

IN WITNESS WHEREOF, the Parties have executed this Agreement on the below-indicated dates.

NEW YORK EMBROIDERY STUDIO INC.
(Company)

By: *[signature]*
Name: Michelle A. Feinberg
Title: business owner
Dated: 7/19/2017

Catarina Ciota

Dated: _____


*[signature]*
Michelle Feinberg
Dated: 7/19/2017

[Signature page to Settlement Agreement and General Release.]

IN WITNESS WHEREOF, the Parties have executed this Agreement on the below-indicated dates.

NEW YORK EMBROIDERY STUDIO INC.
(Company)

By:_____                    *Catarina Ciota* (signature)
   Name:                                                                          Catarina Ciota
   Title:

Dated:_____                     Dated: 7-20-17


_____
Michelle Feinberg

Dated:_____

[Signature page to Settlement Agreement and General Release.]

13571238.3
228014-10002

9

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CATARINA CIOTA,                                                  :

        Plaintiff,                                               :

        -against-                                               : 17 Civ. 1462 (RMB)

NEW YORK EMBROIDERY STUDIO INC. and      : **STIPULATED ORDER APPROVING**
MICHELLE FEINBERG                                             **SETTLEMENT AND FOR**
                                                                          : **DISMISSAL WITH PREJUDICE**
        Defendants.

                                                                     :
----------------------------------------------------------------X

        WHEREAS, Catarina Ciota ("Ciota,") was employed as a Project Manager by New York Embroidery Studio Inc. (the "Company") from on or about May 11, 2016 until November 17, 2016;

        WHEREAS, on or about February 27, 2017, Ciota commenced the above-captioned action (this "Action") against Company and defendant Michelle Feinberg (collectively, "Defendants");

        WHEREAS, in this Action, Ciota has alleged that (i) in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), the Company misclassified Ciota as exempt from federal and state overtime laws for a portion of her employment and, as a result, failed to pay her overtime compensation due for hours that she claims she worked in excess of forty per week; and (ii) in violation of the NYLL and the New York Wage Theft Prevention Act, the Company failed to provide certain wage notices and statements (collectively, "Ciota's Claims");

WHEREAS, Defendants deny all allegations of unlawful conduct made in this Action and any liability whatsoever to Ciota;

WHEREAS, Defendants have alleged that, during Ciota's employment with the Company, Ciota (i) diverted business that should have gone to the Company to herself and/or third-parties, (ii) operated a competing business and (iii) misappropriated the Company's confidential and proprietary information, and, based thereon, has threatened to bring counterclaims in this Action against Ciota for, among other things, breach of duty of loyalty, tortious interference with the Company's existing and prospective contractual and business relations, unfair competition and misappropriation of confidential information (collectively, the "Company's Counterclaims");

WHEREAS, Ciota denies all allegations of unlawful conduct made by Defendants and any liability whatsoever to Defendants;

WHEREAS, there are bona fide disputes between Ciota and Defendants as to (i) whether Ciota is exempt from the overtime requirements of the FLSA and the NYLL; (ii) whether Ciota worked more than 40 hours per workweek and, therefore, (iii) whether Ciota is owed any overtime pay by the Company;

WHEREAS, there are also bona fide disputes between Ciota and Defendants as to whether Ciota is liable to the Company under the Company's Counterclaims and whether any such liability is less than, equal to or greater than any amounts to which Ciota would be entitled in this Action;

WHEREAS, Ciota and Defendants (collectively, the "Parties") appeared at a settlement conference before the Court on June 20, 2017 (the "Settlement Conference");

WHEREAS, at the Settlement Conference, the Parties reached agreement on the material terms of a settlement, at which time the Court heard from the Parties and determined that such material terms were and are fair and reasonable under applicable law and in light of the above-stated bona fide disputes;

WHEREAS, the Parties have incorporated the material terms of their settlement into a written Settlement Agreement and General Releases, dated as of July 18, 2017 (the "Settlement Agreement"), which the Court has reviewed;

NOW, THEREFORE, UPON THE STIPULATION, CONSENT AND AGREEMENT OF THE PARTIES, IT IS HEREBY ORDERED AS FOLLOWS:

1. the Settlement Agreement reflects a fair and reasonable compromise of Ciota's Claims and the Company's Counterclaims; and

2. this Action is dismissed with prejudice and without costs as to any Party against the other.

Dated: New York, New York
       July 18, 2017

| LOEB & LOEB LLP | CARDI & EDGAR LLP |
|---|---|
| By:_____ | By:_____ |
| Mark J. Goldberg | Chad L. Edgar |
| 345 Park Avenue | Two Park Avenue |
| New York, New York 10154 | New York, New York 10016 |
| (212) 407-4000 | (212) 481-7770 |
| *Attorneys for Defendants* | *Attorneys for Plaintiff* |

SO ORDERED:

_____
U.S.D.J.

# Exhibit B

COUNSELORS AT LAW



## CARDI & EDGAR
### LLP

Partners
Dawn M. Cardi
Chad L. Edgar

Associates
Robyn L. Enes
Joanna C. Kahan
John P. Buza (Of counsel)
Romi Schwartz (Of counsel)

August 9, 2017

**BY EMAIL**

The Honorable Richard M. Berman
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

   Re: *Ciota v. New York Embroidery Studio, Inc.*, 17 Civ. 1462 (RMB)

Dear Judge Berman:

  Our firm represents Ms. Catarina Ciota in the above-captioned action. We write as per the request of the Court to state the attorney-fee arrangement that we have with respect to Ms. Ciota. According to the retainer, for its representation of Ms. Ciota in the instant action, the firm is to receive 25% of net proceeds of any settlement. Here, the settlement amount is $3000. We anticipate that the after-payroll-tax amount will be in the vicinity of $2000. Therefore, the firm will receive approximately $500.

  As for the amount of time that the firm has spent litigating Ms. Ciota's claim, it is as follows. Approximately 5 hours were spent preparing, drafting and then filing the complaint. Approximately 1 hour was spent preparing and sending waivers of service. Approximately 7 hours were spent conferring with opposing counsel about defendants' potential counterclaims; reviewing documents supporting same sent by opposing counsel; and responding to those counterclaims by, in part, sending documents to opposing counsel. Approximately 1 hour was spent drafting and discussing the case management plan with opposing counsel. Approximately 2 hours (not including travel) were spent attending court appearances. And, finally, approximately 3.6 hours were spent reviewing and responding to draft settlement papers drafted by defendants' counsel.

  We hope the above provides the necessary information for the Court to assess the parties' settlement agreement.

                Respectfully submitted,

                Chad L. Edgar

cc: Defendants' counsel (by email)

Two Park Avenue, 19th Floor, New York, NY 10016  •  212.481.7770 TELEPHONE  •  212.684.3008 FACSIMILE  •  917.543.9993 CELL  •  cardiedgarlaw.com